UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN THE MATTER OF THE COMPLAINT                    CIVIL ACTION NO.:
OF ECKSTEIN MARINE SERVICE, LLC
n/k/a MARQUETTE TRANSPORTATION
CO. GULF-INLAND, LLC as owner/operator            SECTION:
of the M/V ST. ANDREW FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY                                       JUDGE:

## COMPLAINT FOR EXONERATION FROM, OR ALTERNATIVELY, LIMITATION OF LIABILITY

The Complaint of Eckstein Marine Service, LLC, n/k/a Marquette Transportation Co. Gulf-Inland ("Eckstein")(collectively "Limitation Plaintiff"), as owner/operator of the M/V ST ANDREW, in a cause of exoneration from and/or Limitation of Liability, civil and maritime, alleges on information and belief as follows:

1.

This is an admiralty law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for certain admiralty and maritime claims (Rule F). Jurisdiction exists pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 181 *et seq.*, as amended 46 U.S.C § 30501 *et seq.*

2.

Eckstein was a corporation organized and existing under the laws of the State of Louisiana, and doing business in Louisiana and is now known as Marquette Transportation Co. Gulf-Inland, a limited liability company, doing business in the district, and as Limitation

Plaintiff, is the owner/operator of the M/V ST. ANDREW, a towing vessel bearing USCG Doc. No. 631954, and call sign WDC2812.

3.

On or about February 28, 2009, while moving barges near the Exxon docks in Baytown, Texas, a member of the crew of the M/V ST. ANDREW, Lorne Jackson, through no fault of the vessel's captain and crew, allowed his leg to become entangled in a mooring line, hereafter referred to as "the incident".

4.

Marquette provided prompt medical treatment and paid appropriate maintenance and cure, and reasonably anticipated Jackson would return to work.  Marquette reasonably believed any claim would not exceed the value of the vessel, M/V ST. ANDREW, a towing vessel that is valued at $750,000.00, according to the attached affidavit of Value submitted by surveyor Peter Kolp (attached hereto as Exhibit "A").

5.

Prior to the voyage and incident that is subject to this litigation and at all times hereinafter described, Limitation Plaintiff exercised due diligence to place and maintain the vessel in a seaworthy condition in all respects.  Further, at all times hereinafter described, Limitation Plaintiff used due diligence, and the vessel was in fact tight, staunch, strong, fully and properly equipped, and in all other respects seaworthy, fit and proper for the service in which the vessel was engaged at the time of the occurrence hereinafter described.

6.

At the time of the incident on or about February 28, 2009, there was no freight earned by the M/V ST. ANDREW as set forth in the Affidavit of Ronnie Dupuy, attached hereto as Exhibit "B."

7.

The M/V ST. ANDREW did not contribute to any personal injury damages, and any alleged injury is attributable to an open and obvious condition and/or solely the fault of Jackson or others for whom this defendant is not responsible, and other defenses which will be shown at trial. Limitation Plaintiff also lacked privity and knowledge of any alleged unseaworthy condition that may have caused any damages, and Eckstein, n/k/a Marquette Transportation Co Gulf-Inland, as owner/operator of the towing vessel M/V ST. ANDREW, VIN: 631954, is entitled to Exoneration and/or Limitation of Liability.

8.

Any and all losses and damages caused thereby or otherwise occurred on that voyage were not due to any fault, negligence or lack of due care on the part of Limitation Plaintiff, or any persons for whom Limitation Plaintiff was or is responsible, nor was the incident, losses and damage occasioned by any unseaworthiness of the M/V ST. ANDREW.

9.

Limitation Plaintiff will show that the incident referred to herein was not caused or contributed to in any way by any fault or negligence of or within its privity or knowledge as the owner/operator of the M/V ST. ANDREW, nor by anyone for whom it is responsible, nor was it caused or contributed to by an unseaworthy condition within its privity or knowledge as the owner/operator.

10.

Limitation Plaintiff claims the benefit of Exoneration from and/or, in the alternative, Limitation of Liability as provided by certain laws of the United States, namely 46 U.S.C. § 181, *et seq.* as amended 46 U.S.C. § 3051, *et seq.*

11.

Marquette has been named in a Civil Action entitled Lorne Jackson v. Marquette Transportation Co. Gulf-Inland, LLC, Civil Action No. 2009-16642, in the Harris County District Court, in the State of Texas.  The Petition did not specify the value of Jackson's claim, and instead contained form allegations without any reference to a damage figure.  The state court complaint is attached as Exhibit "C."  A copy of this pleading has been provided to counsel involved in that proceeding.

12.

The initial discovery produced by counsel for Jackson in the state court proceeding gave Marquette no notice that Jackson's claim would exceed the value of the vessel, and Marquette continued to reasonably believe all claims related to the incident would not exceed the value of the vessel ST. ANDREW.  See initial discovery responses attached as Exhibit "E."

13.

After the state court complaint was filed, and after plaintiff responded to discovery, counsel for Jackson made a settlement demand in the amount of $3,000,000.00.  That letter was Limitation Plaintiff's first notice that Jackson's claim may exceed the value of the vessel M/V ST. ANDREW.  The demand is attached as Exhibit "D."

14.

After the demand (Exhibit "D") was submitted in December, 2009, Dr. Walter Sassard performed an IME. Marquette also received a copy of his IME report in December, 2009. The report is attached as Exhibit "F."

15.

Even assuming Jackson cannot return to his pre-accident position as a deckhand, the value of his claim should not exceed the value of the ST. ANDREW. Jackson has a history of intermittent employment in low paying positions, so much so that Jackson's own economist calculated his total economic loss as only $258,253. See report of Jackson's economist attached as Exhibit "G." All of Jackson's medical expenses have been paid as part of the cure obligation, so he does not have a separate claim for recovery of such expenses.

16.

This Limitation Complaint is filed prior to the expiration of six months from the date Limitation Plaintiff received notice of a claim that exceeds the value of the ST. ANDREW following the aforesaid voyage and incident, which occurred upon receipt of the December 2, 2009, demand letter.

17.

Limitation Plaintiff provides as security for the benefit of all potential claimants, a Letter of Undertaking in the amount of $750,000.00, plus interest at 6% per annum from the date of said stipulation, said sum representing the total value of the M/V ST. ANDREW, her appurtenances and pending freight. Limitation Plaintiff also tenders a deposit with the Court of US $250 according to local rules and supplemental Rules for Certain Admiralty and Maritime Claims.

18.

Limitation Plaintiff claims exoneration from liability for any and all injuries, losses or damage occurring as a result of the aforesaid incident and any other claims yet to be asserted and for any and all claims related to such accident.  Limitation Plaintiff also alleges that it has valid defenses thereto on the facts and on the law.

20.

Alternatively, Limitation Plaintiff, without admitting but rather affirmatively denying all liability, claims the benefit of the Limitation of Liability provided for vessel owners in 46 U.S.C. § 183 to 186, 188 and the various supplemental thereto and amendatory thereof, including 46 U.S.C. § 30501 *et seq*.

21.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount of value of its interest in the vessel and pending freight, as aforesaid, is not sufficient to pay all losses in full, that all claimants shall be made to share pro rata in the aforesaid sum represented by the stipulation, saving to all such claimants any rights of priority that they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, and under the general maritime law and by the rules and practices of this Honorable Court.

22.

All and singular, the premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Eckstein Marine Service, LLC, n/k/a Marquette Transportation Co. Gulf-Inland, LLC, as a Plaintiff-in-Limitation prays that:

1.     This Court issue an order approving the Letter of Undertaking deposited with the Court by Limitation Plaintiff as security for the amount of value of its interest in the vessel and its pending freight;

2.     This Court issue a notice to all persons asserting claims with respect to which this claim seeks exoneration or limitation admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to Limitation of Liability, such person shall file and serve on the attorneys for Limitation Plaintiff an Answer to this Complaint on or before said date, unless his or her claim has included an Answer, so designated;

3.     This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced, including Civil Action entitled *Lorne Jackson v. Marquette Transportation Co. Gulf Inland LLC*, Suit No. 2009-16642, in the Harris County District Court, Texas, and further enjoin the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever, in any jurisdiction against Limitation Plaintiff and its insurers and/or against the vessel, her operators and crew, or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect to any loss, damage, or injury occasioned as a result of the aforesaid incident;

4.     This Court adjudge that Limitation Plaintiff and its employees, agents, representatives, Underwriters and insurers are not liable to any extent for any injuries, losses, or

damages occurring as a result of the incident in question, or for any claim thereof in any way arising out of or resulting from the aforesaid incident;

     5.    This Court adjudge that Limitation Plaintiff and its employees, agents, representatives and Underwriters are not liable to any extent for any injuries, losses, or damages occurring as a result of the incident in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident; or, alternatively if Limitation Plaintiff and its employees, agents, representatives and Underwriters or Insurers shall be adjudged liable, that such liability be limited to the amount or value of Limitation Plaintiff's interest in the vessel and its pending freight, as aforesaid, at the end of the voyage in which it was engaged at the time of said incident with resulting injuries, losses, or damages and that Limitation Plaintiff and its employees, agents, representatives and Underwriters, insurers be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided pro rata according to the herein above mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order herein above prayed for, saving to all parties any priorities to which they may legally be entitled, and that  a decree may be entered, discharging both Limitation Plaintiff and its employees, agents, representatives and Underwriters, insurers from all further liability;

     6.    Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

This the 18th day of January, 2010.

MARQUETTE TRANSPORTATION CO.
GULF INLAND LLC

BY:  Fowler, Rodriguez, Valdes-Fauli


BY:  s/ Todd G. Crawford_____
        Todd G. Crawford (Tex Bar # 05041050)


Todd G. Crawford, Esq. (Tx#05041050)
Justin Renshaw (Tx Bar #24013392)
FOWLER RODRIGUEZ VALDES-FAULI
Four Houston Center
1331 Lamar St. Suite 1560
Houston, Texas  77010
Telephone: (713) 654-1560
Facsimile:  (713) 654-7930

Michael Eaves (TX Bar # 00787414)
CALVERT EAVES CLARK & STELLY, L.L.P.
Beaumont Tower
2615 Calder Avenue, Suite 1070
Beaumont, Texas  77702
Telephone:  (409) 832-8885 ext. 5702
Facsimile:   (409) 832-8886

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT | CIVIL ACTION NO.: |
| OF ECKSTEIN MARINE SERVICE, LLC | |
| n/k/a MARQUETTE TRANSPORTATION | |
| CO. GULF-INLAND, LLC as owner/operator | SECTION: |
| of the M/V ST. ANDREW FOR EXONERATION | |
| FROM OR LIMITATION OF LIABILITY | JUDGE: |

---

## VERIFICATION

STATE OF LOUISIANA
PARISH OF ORLEANS

**BEFORE ME NOW,** the undersigned Notary, came and appeared **TODD G. CRAWFORD,** who, after being duly sworn, did depose and state:

1.      That he is a partner with the law firm of Fowler Rodriguez & Valdes-Fauli, and is one of the attorneys for Eckstein Marine Service, LLC, n/k/a Marquette Transportation Co Gulf-Inland, LLC, Limitation Plaintiff in the above captioned and numbered proceeding;

2.      That he has read the above and foregoing Complaint, that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief, and that the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives; and

3.      That Marquette is a legal entity with no officers or directors within the Southern District of Texas;

4.      That he is specifically authorized by Limitation Plaintiffs to make this Verification on their behalf.

112185.1

TODD G. CRAWFORD

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS _18_ DAY
OF JANUARY, 2010.

_____
NOTARY PUBLIC

SHELLEY R. MILLER
Notary Public - State of Louisiana
La. Bar No. 31400
Notary No. 86506
Commission Expires Upon Death

112185.1

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT** | **CIVIL ACTION NO.:** |
| **OF ECKSTEIN MARINE SERVICE, LLC** | |
| **n/k/a MARQUETTE TRANSPORTATION** | |
| **CO. GULF-INLAND, LLC as owner/operator** | **SECTION:** |
| **of the M/V ST. ANDREW FOR EXONERATION** | |
| **FROM OR LIMITATION OF LIABILITY** | **JUDGE:** |

## TENDER OF COSTS

Limitation Plaintiff, Marquette Transportation Co. Gulf Inland LLC, herewith tenders TWO HUNDRED FIFTY AND NO/100 DOLLARS ($250.00), cash, to the Clerk of Court to deposit in the Registry of the Court as security for costs in this matter, as required by Rule F(1) of the Federal Rules of Civil Procedure and Local Admiralty Rule 65.1.1.

This the 18th day of January, 2010.

MARQUETTE TRANSPORTATION CO.
GULF INLAND LLC

BY:  FOWLER RODRIGUEZ VALDES-FAULI

BY:  s/ Todd Crawford
               Todd Crawford

Todd G. Crawford, Esq. (Tx Bar #05041050)
Justin Renshaw (Tx Bar # 24013392)
FOWLER RODRIGUEZ VALDES-FAULI
Four Houston Center
1331 Lamar St., Suite 1560
Houston, Texas  77010
Facsimile:  (713) 654-7930
Telephone (713) 654-1560

Michael Eaves (TX Bar # 00787414)
CALVERT EAVES CLARK & STELLY, L.L.P.
Beaumont Tower
2615 Calder Avenue, Suite 1070
Beaumont, Texas  77702
Telephone:  (409) 832-8885 ext. 5702
Facsimile:  (409) 832-8886