IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ECKSTEIN MARINE SERVICE, LLC § | |
| n/k/a MARQUETTE TRANSPORTATION, § | |
| GULF-INLAND, LLC, as owner/operator § | |
| of the M/V ST ANDREW FOR § | CIVIL ACTION NO. H-10-0156 |
| EXONERATION FROM OR LIMITATION § | |
| OF LIABILITY § | |

**MEMORANDUM AND ORDER**

This is a proceeding under the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501, *et seq.*, and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure. The claimant, Lorne Jackson, has moved to dismiss this federal case or, in the alternative to dissolve the stay and lift the injunction this court entered last week to permit him to pursue his state court suit against Marquette Transportation, Gulf-Inland, LLC. In that suit, Jackson seeks damages for injuries he sustained on February 28, 2009 while working as a seaman on the St. Andrew, a sixty-five foot tugboat. He alleges that his foot was caught in a rope, causing severe injury. Jackson filed this suit on March 17, 2009; it is set for trial on February 15, 2010. This limitation proceeding was not filed until January 18, 2010.

As part of his motion to lift the stay and injunction, Jackson has submitted the following stipulations:

1. Marquette is entitled to and has the right to litigate all issues relating to exoneration from or limitation of liability in this court;
2. Jackson will not seek judgment from any other court on Marquette's exoneration from of limitation of liability;
3. Jackson waives any claim of *res judicata* or collateral estoppel on exoneration from or limitation of liability;
4. Jackson will not seek to enforce any damages award in excess of $750,000 until this court has adjudicated the limitation or exoneration issues;

      5.      Jackson's claims would not have priority over any other claims asserted in this limitation action;
      6.      Jackson reserves all the right to raise all other defenses in the limitation action; and
      7.      Jackson will only prosecute his claims in the state court where they are currently awaiting trial.

Generally, when a shipowner invokes the Limitation Act, all claims with respect to the incident at issue will be adjudicated in federal court. *See Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). There are exceptions to that general rule. *Id.* "Under the 'single claimant exception,' if only *one* claim has been filed and 'nothing appears to suggest the possibility of another claim,' a district court is required to dissolve its injunction to permit the single claimant to pursue a separate action and jury trial." *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (5th Cir. 2000) (quoting *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983)) (emphasis in original); *see also Langnes v. Green*, 282 U.S. 531, 540, 51 S. Ct. 243 (1931) (federal court allowed state court trial to proceed when the federal limitation action was filed two days before the state trial setting and the "nature of the accident and all the surrounding circumstances" made it fair to presume that no other claims existed, and "nothing appears to suggest the possibility of any other claim.").

The single-claimant exception applies in this case. The circumstances of Jackson's accident, in which his foot was caught in a rope, indicate that there are unlikely to be any other claimants. This case is very different from *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 403 (5th Cir. 1993) ("*Odeco I*"), in which five members of an oil platform's crew fell out of a suspended lifeboat during a training exercise, crashing to the ocean 90 feet below. By contrast, the incident at issue here injured only one person. In the hearing before this court on February 2, 2010, counsel for Marquette stated that he knew of no other possible claimants who were involved in the incident in which

Jackson was injured. Jackson has not named any defendants besides Marquette in his state-court suit. There are no contribution or indemnity claims. *Cf. Odeco I*, 4 F.3d at 405 (vacating an order dissolving a stay and remanding because there were potential codefendants in the state court proceeding who could assert cross-claims and who had not agreed to the claimants' stipulation that the federal court's jurisdiction to hear the limitation action would be preserved after the state trial); *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996) ("*Odeco II*") (vacating the district court's order lifting the stay after remand because the codefendants had not agreed to the claimants' stipulation).[1] Counsel for Jackson stated that he is unmarried, has no common-law spouse, and has no children.

Jackson has offered the appropriate stipulation: (1) respecting this court's exclusive jurisdiction to hear the limitation action, if necessary, after damages have been determined by the jury in state court, and (2) disclaiming any right to enforce a damages award higher than the asserted liability limit before this court has heard the limitation action. *See Odeco I*, 4 F.3d at 404. The stipulations "adequately protect [Marquette's] interests" and preserve Marquette's "right to litigate all issues pertaining to limitation in the limitation court free of any claims of *res judicata*." *Odeco I*, 4 F.3d at 405.

Marquette has submitted citations to cases to support its argument that it is inappropriate to dissolve a stay before the end of the monition period. These cases do not provide any basis for changing the conclusion that the single-claimant exception should apply. The first case, *In re Petition of Trinidad Corp.*, 229 F.2d 423 (2d Cir. 1955), reversed the district court's decision to

---

[1] There is no merit to Marquette's suggestion, submitted to this court by e-mail, that *Odeco I* is not reliable authority in this case. In *Odeco I*, the court found it inappropriate to apply the single-claimant exception because there were potential cross-claims by codefendants in the state proceeding who have not entered into the appropriate stipulations. No such parties exist in this case.

dissolve a stay because it found that, to the extent the district court had made an initial determination that the limited fund was adequate to satisfy all claims, that determination was incorrect. Even though that case was based on an accident in which a ship broke in two pieces, killing five people and leaving over twenty survivors, the court found that it was not an abuse of discretion to dissolve the stay without waiting for additional claimants. *Id.* at 429. The reversal was not based on that issue or any other issue disputed in this case. The case of *In re Lynchburg Shipyard*, 01-3187, 2003 WL 21355468 (E.D. La. June 6, 2003), involved a denial of a motion to lift the stay in a multi-claimant case, in which some of the *known* claimants had not joined in the stipulation. The court upheld its ruling five days later. *In Re Lynchburg Shipyard*, 01-3187, 2003 WL 21418480 (E.D. La. June 11, 2003). Here, there is no reasonable basis to believe that there are any other claimants. The motion to dissolve the stay was denied in the case of *In re Complaint of Sheen*, 709 F. Supp. 1123, 1126 (S.D. Fla. 1989), because there were two other potential known claimants, making the single-claimant exception inapplicable even though the two other claimants had already defaulted because "the default [was] not jurisdictional." *Id.* In *Great Lakes Dredge & Dock Co. v. Lynch*, 173 F.2d 281, 283-84 (6th. Cir. 1949), the court was concerned that the claimant would attempt to litigate the issue of limited liability in the state court and modified the district court's order to require the claimant to file a statement in the district court waiving any *res judicata* argument on the limited liability issue in the federal limitation proceeding. In this case, Jackson has already entered such a stipulation. He seeks a determination of damages in the state court, reserving to this court exclusive jurisdiction over the limited liability issue. The next case, *In re Vessel Club Med*, 90 F. Supp. 2d 550 (D. N.J. 2000), was a single-claimant case based on an ankle injury suffered while boarding a vessel, in which the court granted the motion to dissolve the stay. The federal claim was

not filed until five days before the monition period expired, and the court suggested that the motion to dissolve was filed after the period had expired. The fact that the court granted relief after the monition period ended does not mean that relief *must* be granted in every case only after the monition period ends when there are no other claimants. *In re Complaint of North Lubec Mfg. & Canning Co.*, 640 F. Supp. 636, 637 (D. Me. 1986), is similar to *Club Med.* Again, a single claimant was injured while boarding the vessel. After the monition period closed, the court entered default against all other potential claimants. Again, there is nothing about that timetable that requires this court to adopt it. The *North Lubec* court then declined to grant the claimant's motion to dissolve the stay because he had not conceded that the shipowner had the right to limit liability, stipulated that the admiralty court had exclusive jurisdiction on limitation issues, or agreed to waive any *res judicata* arguments in the federal limitation proceeding. Jackson has made these stipulations. Marquette finally cites *In re Offshore Marine Towing, Inc.*, 333 F. Supp. 2d 1286 (S.D. Fla. 2004). In that case, there were three known potential claimants. When the court granted the motion to dissolve the stay based on the single-claimant exception, one of the three potential claimants had waived his claim and a second had his defaulted after failing to file within the monition period. In this case, there are no other claimants.

  Marquette has not provided a basis for maintaining the stay in light of the single-claimant exception. Jackson has entered into the appropriate stipulations and there is no basis to believe that there are other claimants. Marquette delayed in filing this limitation action for nearly eleven months after the injury. Marquette filed this action less than a month before the state-court trial was set to begin. This timing "is confirmatory" of the "presumption fairly aris[ing] from the nature of the

accident and all the surrounding circumstances that no other claims exist." *See Langnes*, 282 U.S. at 540, 51 S. Ct. 243.

Jackson's motion to dissolve the stay is granted. The motion to dismiss is denied without prejudice to refiling following the state court proceeding.

SIGNED on February 3, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge